# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JASON POE | CIVIL ACTION NO. 3:10-220 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| MARTIN TRANSPORT, ET AL | MAGISTRATE JUDGE HAYES |

## MEMORANDUM ORDER

Before the Court is a Motion to Dismiss Without Prejudice filed by Plaintiff [Record Document 15]. Defendant opposes this motion stating that any dismissal should be with prejudice.

At the status conference held on November 7, 2011, newly hired counsel for the Plaintiff, Thomas Taylor Townsend, informed the Court that he intends to pursue the Motion to Dismiss Without Prejudice filed by previous counsel. For the reasons stated below, the Court does hereby **GRANT** Plaintiff's Motion to Dismiss Without Prejudice [Record Document 15] and does hereby **DISMISS** the Plaintiff's claims against all Defendants **without prejudice**. The Court does hereby **DENY** Defendant Martin Transport's two motions to dismiss [Record Documents 6 and 14] as **MOOT**.

## REASONS FOR ORDER

Plaintiff is entitled to dismiss his claims as a matter of right if Defendant has filed neither an answer nor a motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(A)(I). Martin has filed two motions to dismiss [Record Documents 6 and 14] but no answer and no motion for summary judgment. Nevertheless, Martin has argued that its motions to dismiss should be converted into motions for summary judgment because

Plaintiff attached a "Hazardous Materials Incident Report" and an e-mail between Mr. Poe and his attorney's office to his oppositions to Martin's motions to dismiss [Record Documents 7-1 and 21-1]. [Record Document 26, pp.7-9].

Part of the discretion enjoyed by district courts in deciding whether to convert a motion to dismiss into a motion for summary judgment under 12(d) is the ability to decide whether to exclude extra-pleadings materials presented to the court in the context of a motion to dismiss from the court's consideration of that motion. Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment... ") (emphasis added); Isquith for and on Behalf of Isquith v. Middle South Utilities, Inc., 847 F.2d 186, 194 n.3 (5th Cir. 1988) (holding that Rule 12(b)(6) gives a district court complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion). When the material outside the pleadings is scanty, incomplete, or inconclusive and when it will not aid in the rational resolution of a motion for summary judgment, it is appropriate for the district court to decline to consider it. Mitsui Sumitomo Ins. Co. (H.K.) Ltd. V. P&O Ports La., Inc., 2007 WL 2463308 at *2 (E.D. La. Aug. 28, 2007) (citing Isquith 847 F.2d 194 n.3). The six pages attached to Plaintiff's responses to Martin's motions to dismiss are clearly incomplete and insufficient to provide the basis for a rational ruling on summary judgment. Accordingly the Court declines to consider them and convert Martin's motions to dismiss into motions for

summary judgment.  Therefore, since Martin has filed no motion for summary judgment Plaintiff may dismiss his claims as a matter of right.  Fed. R. Civ. P. 41(a)(1)(A)(i).

Furthermore, the Court notes that even if Defendant's motions to dismiss [Record Documents 6 and 14] were converted into motions for summary judgment, the factors that inform the Court's discretion whether to grant Plaintiff's motion to dismiss under Fed. R. Civ. P. 41(a)(1)(B) favor dismissal without prejudice.  The Court notes that a virtually identical action is currently pending in state court.  Martin will not be prejudiced by the Court's decision to dismiss Plaintiff's claims, since the materials Martin has prepared and filed in defense of this federal action can easily be re-filed in the state action.  Furthermore, the issues involved in this matter are entirely issues of state law. Finally, the Court finds no indication that Plaintiff's voluntary motion to dismiss was filed in order to avoid an adverse ruling by the Court.

**IT IS SO ORDERED**.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE